ORSON G. HULETT *v*. EDWARD S. SOULLARD.

*Principal and Surety—Levy on real estate—Surety's rights, when he pays the debt of the principal.*

Where a levy was made upon the equity of redemption, and the mortgage described two certain parcels of land, and also a third parcel which was a lease-hold estate, the lease being a perpetual lease, reserving an annual rent, and the levy was made upon the equity of redemption in the two first mentioned parcels of land, without regard to the lease-hold estate, thus treating the mortgage as containing only the the two first mentioned parcels of land, *it was held*, that the levy was properly made.

And it was also *held*, that as the lease-hold estate was described in the mortgage by metes and bounds, that it would be only an assignment of the rents, and that as a mortgage in this state does not confer a power of sale, the mortgage could only receive the annual rent, and might enforce his debt upon the other pieces of land.

If the surety in any way extinguishes or pays the debt of the principal, it is, so far as the principal is concerned, equivalent to paying money for his benefit and at his request, and the surety can maintain general assumpsit for money paid, against the principal.

And if the surety is sued upon the debt of the principal, and it goes into a judgment and is levied upon the lands of the surety, the surety may recover of the principal both the debt and costs, as money paid.

ASSUMPSIT for money lent and paid out for the defendant's use. Plea, the general issue, and trial by the court.

On the trial of the cause it appeared in evidence, that the defendant as principal, and one Rich Weeks, Joel Stevens and the plaintiff as sureties, executed a joint and several promissory note, to

one Hervey Paris, for the sum of five hundred dollars; and that a suit was commenced upon said note in the name of said Paris, against the said Orson G. Hulett, and a judgment was recovered in said suit, against the said Orson G. Hulett, at the April Term, of the Rutland county court, 1852, for the sum of two hundred and sixty dollars and seventy-eight cents damages, and twenty-two dollars and eighty-two cents cost of suit. That the said Hervey Paris took out an execution upon said judgment, against the said Orson G. Hulett, dated the 25th day of October, 1852, and on the 23d day of December, 1852, caused the same to be levied upon said Hulett's lands.

It appeared, that the said levy was made upon the equity of redemption of two distinct parcels of land; and that said two parcels of land were encumbered by a mortgage from said Hulett, to one David Whedon, Jr., dated March 27th, 1851. It further appeared, that said mortgage deed also included, besides the two parcels of land, a third parcel, which consisted of certain premises which previous to the 2d day of May, 1845, were owned in fee by one Paul Hulett, and which on the said 2d day of May, 1845, were leased by the said Paul Hulett to one Sheldon and Abram Edgerton, by a perpetual lease, reserving to the said Paul Hulett an annual rent of sixty-seven dollars and sixty-two cents per annum, with a condition in said lease, that if the said rent remained due and unpaid, for the space of more than ten days, that the said lessor might re-enter, and the said lease become null and void. The said lease also contained a proviso, that if the said Sheldon and Abram should choose to purchase said premises at any time, they might do so upon the payment of a certain sum of money, therein mentioned. It also appeared, that said Paul Hulett conveyed said lease-hold estate, on the 9th day of May, 1845 to said Orson G. Hulett.

It appeared, that the said levy was made upon the equity of redemption, in the two first mentioned parcels of land only, without regard to said lease hold estate, treating the said mortgage from the said Orson G. Hulett to the said David Whedon, Jr., as containing only the said two first mentioned parcels of land, in making the levy, and in estimating the value of the equity of redemption aforesaid. That the lands of the said Hulett were at the

time of said levy, and are now under attachment, in favor of said Hulett's creditors.

Upon the foregoing facts, the court,—PIERPOINT, J., presiding,— rendered judgment in favor of the plaintiff to recover of the defendant, the sums recovered by the said Paris against the said Orson G. Hulett in the said suit, and satisfied by said levy, being the said sums $260,78 damages, and $22,82 costs of suit, as damages, and his costs.

Exceptions by defendant.

*C. B. Harrington* and *F. Potter* for defendant.

*J. B. Bromley* for plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J. In regard to the legality of the levy, although there might have been some ground of doubt, as to the proper mode of making it originally, it seems to us the creditor selected the only practicable one. The lease-hold estate is not included under the general definition of " real estate " in the statute in regard to the levy of executions. Those terms, by § 20 include only such estates, as are made subject to the levy upon the land itself, by § 19. But the " rents, issues, and profits of real estate, leased for life or years," reserving a rent, are by § 39 made liable to be levied upon in a particular mode, by compelling the tenant to attorn to the creditor, and pay him the rents, until they shall extinguish the debt and costs. And if the rent is perpetual, and less than the annual interest on the execution, the officer may endorse an amount equal to the sum of which the rent is the annual interest, satisfied. And the mortgage of this estate, by metes and bounds, as was done in this case, would seem to be only an assignment of the rent, and as a mortgage in this state does not confer a power of sale, the mortgagee could only receive the annual rent, and might enforce his debt upon the other pieces of land: so that the mortgage would stand very much, as if it had been only upon the other two pieces of land, and this portion of the security had been by a separate instrument, or even by a pledge of personal property. The estate in the lease-hold property is so diverse from that in fee, that it could not be reduced readily to the same denomination, so as to admit of a levy, upon an undivided

portion. The mode of levy upon the two kinds of estate is altogether dissimilar.

The modes of levy are as dissimilar as that upon real and personal estate almost. So that there would be almost the same embarrassment in levying upon an undivided portion of the equity of redemption, as if the same mortgage had also included bank, or railroad stock, or other personal security, more or less issuing out of real estate, or altogether independent of all connection with the realty. We do not now perceive, how any available levy, upon the equity of redemption, could have been made, different from the one made.

II. In regard to the mode of declaring, it no doubt, at one time, in the history of the law, would have been regarded insufficient. But since it was determined, that giving another security, paying the debt in any other property, would enable the surety to maintain general assumpsit, for money paid, it must be regarded, as quite indifferent how the surety extinguishes the debt. If he do it, in any mode, it is, so far as the principal is concerned, equivolent to the payment of money for his benefit, and at his request.— *Anslie* v. *Wilson*, 7 Cowen 662. *Randall* v. *Rich*, 11 Mass. 498.

III. This court have held, that the surety may recover costs which have been incurred, in good faith, and the same rule prevails elsewhere. *Winn, Admr.* v. *Brook*, 5 Rawle 106. *Hayden* v. *Cabot*, 17 Mass. 169. If when a surety was sued, upon the debt of his principal, and was unable to pay it, and the same went into judgment, and was levied upon his land, he must lose all costs recovered, and the expense of the levy, because, he did not pay the principal's debt, more promptly, than the debtor himself whose duty it was to do it, and save the surety all trouble, it would certainly afford a remarkable instance of absurd refinement, not to say refined absurdity, and if the debt may be recovered as money paid, so equally may the costs.

Judgment affirmed.