L. G. & D. S. CHILSON *v.* SOLOMON DOWNER.

*Indemnifying contract.*

Ordinary covenants of guaranty, against adverse claims of title, extend only to legal claims; but a party may obligate himself to defend against false claims. Whether he does so or not, is ordinarily matter of construction; and the obligation will be confined to legal claims, where that is consistent with the words used. REDFIELD, CH. J.

A bond indemnifying the plaintiffs "from all liability, costs and expenses," in consequence of making certain attachments, *held* to be an indemnity against costs and expenses incurred in a suit in which the attachment was sustained.

DEBT on a bond given by the defendant to the plaintiffs, in the penal sum of one thousand dollars, dated October 30, 1847. The

condition of the bond was as follows: "Whereas, the said L. G. & D. S. Chilson have heretofore attached, on a writ of attachment in their favor against John P. Belknap, a quantity of personal property, as the property of said Belknap, which said property is now advertised to be sold;     *     *     *     *     *     and the said Downer has heretofore purchased said claim against said Belknap, and has this day selected certain property, which he is willing to have sold on said execution, to wit., six oxen, all the iron and steel attached on said writ, and seven horses, such as the said Downer shall hereafter select from the horses attached on said writ. Now, if the said Downer shall, at all times, indemnify and save harmless the said L. G. & D. S. Chilson from all liability, costs and expenses, in consequence of making said attachment, and the sale on said execution, of said property, selected to be sold on said execution, by said Downer, to wit., the property before enumerated, and not for any other property so attached by said Chilsons, as aforesaid, then and in that case this obligation to be void, otherwise in full force."

Upon a trial by the county court, December Term, 1854,— UNDERWOOD, J., presiding,—it appeared that the defendant purchased, of the plaintiffs, their claim against John P. Belknap, and gave the bond declared on. The defendant selected certain property, of that which the plaintiffs had previously attached, as that of said John P. Belknap. Sewall F. Belknap commenced several suits against the plaintiffs, and other creditors of said John, for the property by them attached, including some portion of that selected by the defendant, as above stated. In one of said suits, (in which said Sewall claimed to recover a portion of the property selected by said defendant,) said Sewall recovered for three horses and costs, but failed to recover for any portion of the property selected by the defendant. There was collected of the plaintiffs, of the sums thus recovered by said Sewall, the sum of $110.00, and they collected of the other creditors, as their shares, the sum of $75.52. The plaintiffs claimed to recover the difference between said sums, as being paid towards the costs of defending said suit.

The defendant contended that, by the terms of said bond, he was not liable, except in the event of a recovery for the property, or some portion of it, which he had selected; and that, as there was

no such recovery, he was not liable. The court decided that the defendant was liable, by the terms of the bond, to indemnify the plaintiffs from all costs and expenses growing out of any litigation concerning said property, whether there was any recovery for it or not, and thereupon rendered judgment for the plaintiffs to recover the difference between the sum of $110.00 and the sum of $75.52, and the interest thereon. Exceptions by the defendant.

*Converse & Barrett* for the defendant.

The bond can have no greater effect than the covenant of warranty in a deed, of which there is no breach unless there is an eviction by an elder and better title; *Phelps* v. *Sawyer*, 1 Aik. 150; *Williams* v. *Wetherbee*, 2 Aik, 329.

*W. C. French,* for the plaintiffs, contended that the result of the suit did not discharge the defendant from his liability for the costs and expenses which the plaintiffs were subjected to, in defending it.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question made, or decided, by the court below, seems to have been, whether the bond of the defendant bound him to pay any portion of the expenses of defending suits brought against the plaintiffs, and which did not prevail. There is no doubt this is the extent of the obligation imposed by ordinary covenants of warranty against adverse claims of title, that it extends only to legal claims. But it is competent for a party to bind himself to defend against all suits and claims, whether false or not. That is ordinarily a matter of contract, or construction. The courts will construe such an undertaking as extending only to legal claims, where that is consistent with the words.

But in the present case, the words of the obligation are very extensive. " If the said Downer shall indemnify and save harm- " less the said plaintiffs, from all liability, costs and expenses, in " consequence of making said attachment, and the sale on said " execution, of the property selected." The liability is no doubt a liability for the sale of the property selected by the defendant. This part of the contract the defendant did perform; but the costs and expenses, in consequence of making the attachment, seems

to us to cover all costs and expenses growing out of such attachment, and the consequent litigation, which seems to have been anticipated, and probably from the quarter from which it came. We think, therefore, the court did put the proper construction upon the bond, and as the defendant undertook for all costs and expense of litigation, in regard to the property sold, he must run his own risk as to the shape in which it arises. It does not appear but the claim came from the quarter anticipated, or but it came in the form in which it was natural to expect it. But, although it failed, yet in consequence of being joined with other property, the plaintiffs could not recover the costs they had incurred in defending this property. But that is the law of this state, absurd as it is, and the defendant was bound to know that, and if he gave a bond to indemnify against all expense to the plaintiffs, in consequence of the attachment of this property, he would be thus exposed, and we do not see why this expense does not come fairly within the range of this contract. It seems to have been one of the contingencies, to indemnify against which, the bond may fairly be presumed to have been taken, judging from the words used with reference to the subject matter, and the contemporaneous circumstances, which are always legitimate grounds of construing contracts.

Judgment affirmed.