Bradbury, O. J.
The sufficiency of the petition is the only question before the court here. The *28 .'material averments thereof are as follows: In the year 1876, Jacob Borger, the ancestor of defendants in error, as principal, and the plaintiff in error as surety, executed a promissory note for $2,000, payable in one year after date, to the Citizens’ Savings and Loan Association of Cleveland, Ohio, and at the same time said Borger, to further secure the same, his wife releasing her right of dower, executed to said association a mortgage on certain real estate in the city of Cleveland, Ohio; that on May 12, 1883, after the note became due the plaintiff in error delivered of his own funds the sum of $2,000 to said Borger, the principal debtor, with which to pay the note, and that Borger, pursuant to instructions of the plaintiff in error, afterwards on June 14, 1883, with the money thus furnished, paid off, took up and retained in his possession said note; that the same was neither assigned to, nor came into the possession of, the plaintiff in error, nor has the mortgage ever been assigned to him.
It clearly appears from the foregoing statement that the plaintiff in error was the mere surety on the note in question; that he furnished the principal debtor with money with which to pay off the same, and that the principal debtor afterwards applied the money to that purpose. In making the payment in the manner stated the principal debtor should be regarded as the agent of the surety, and the payment ascribed to the latter precisely as if the latter had made the payment in person or by the hand of any other person than the principal debtor. The debt thus having been' paid by the surety he in equity became entitled to be subrogated to whatever securities the creditor had for the payment of the same debt. Hill v. *29 King, 48 Ohio St., 75; Dempsey v. Bush et al, 18 Ohio St., 376; Neal v. Nash, 23 Ohio St., 483; Neilson & Churchill v. Fry, 16 Ohio St., 552; Burge on Suretyship, 352, 3; Sheldon on Subrogation, chap. 3; Pom. Eq. Juris., section 1419.
This principle is too firmly imbedded in our system of jurisprudence to require for its support a more extended citation of authorities. In the case at bar the security was the mortgage given to secure the debt.
Upon the fact stated in the petition the plaintiff’s right to subrogation is clear. However, that right accrued at the time he caused the note to be paid, and he suffered eleven years and six months to elapse before he began this action. The vital question, therefore, is not whether the right of subrogation accrued to him, but whether that right has been barred by the statute of limitations.
Many cases can be found where courts of high standing havé held that where a surety pays- a debt of the principal his remedy, at law against the principal, or a co-surety, is by an action on an implied contract of indemnity for money paid for the use of the principal or the co-surety. That such an action would be subject to the limitation fixed by the statute for actions on implied contracts, which in this state is six years is quite clear*. This view of the subject was adopted by this court as early as 1832 in the case of Williams' Admr. v. Williams’ Admr., 5 Ohio, 444, and subsequently approved in Neilson & Churchill v. Fry, 16 Ohio St., 552. This doctrine was approved and applied by this court at its present term. Poe v. Dixon, supra.
In the ease of Neilson & Churchill v. Fry, supra, it seems to have been the opinion of the majority *30 of the court that the right of a surety to be subrogated to the rights of a creditor would be barred whenever his action at law for contribution would be barred, that is, by the limitation of six years. This view of the question finds considerable support both in reason and authority. J0oyce v. Joyce, 1 Bush, 474; Johnston v. Belden, 49 Ia., 301. By a still later case, however, Neal v. Nash, 23 Ohio St., 483, this court held that where a surety in a judgment against himself and his principal, pays the judgment debt, an action brought by him against his principal to be subrogated to the rights of the judgment creditor, is limited by our statute to ten years. This holding, if adhered to conclusively determines the question before us, for if the right to be subrogated to a judgment lien is limited to ten years, it would seem to follow as matter of course that the right to be subrogated to a mortgage lien would be subject to the same limitation, both being rights to equitable relief which have no other specific limitation attached to them by our statute, and therefore fall under the provisions of section 4985, Revised Statutes, which reads as follows: ££An action for relief not hereinbefore provided for can only be brought within ten years after the cause of action accrues.”
Counsel for plaintiff in error, however, contend that the holding in Neal v. Nash, 23 Ohio St., 483, that the limitation of ten years applied to the right of a surety to be subrogated to a judgment lien of the creditor, was obiter. It is true that the judgment rendered by this court in that case (Neal v. Nash, supra) did not necessarily depend on the holding that the ten years’ limitation applied. More than six and less than ten years had elapsed after the surety in that case (Neal) had paid the *31 judgment to which he desired to be subrogated and the bringing of the action to obtain the subrogation, and therefore it was indispensable to his relief that his right of action should not be barred by the six' years’ limitation,' and this court in maintaining this contention must of necessity so held. But as the facts in that case show that less than ten years had elapsed before the payment of the judgment and the bringing by the surety of the action for subrogation, it is obvious that the court having held that the right of action was not barred in six years, it became immaterial to the surety whether the ten years’ statute applied to his case, or whether he could have maintained an action for subrogation at any time before the presumption of payment, owing to the lapse of time had attached to. the judgment. Whatever the court might have held as between these two last periods of limitations, as his case did not fall within either of them, the holding could not affect him. Therefore, the contention of plaintiff in error that the holding of this court in that case (Neal v. Nash, supra), as to the application of the ten years’ limitation was obiter, finds support íd the facts of the case. That case, however, may be regarded as a direct authority for the doctrine that although an action at law upon the implied promise arising where a surety has paid the debt of his principal may be barred in six years after the payment, yet thereafter the surety may maintain an equitable action to be subrogated to any securities held by the creditor, notwithstanding the action at law has been thus barred.
Still further, although the holding under consideration in Neal v. Nash, supra, may in strictness be obiter, nevertheless it bears the impress of *32 having been deliberately reached after full consideration by the able judges who then composed the court, and should not be lightly disregarded by us their successors, when the question is again presented for consideration as the record before us does. By this action the plaintiff in error not only seeks to be subrogated to the rights of the creditor in the mortgage, but when this is done also to have the mortgage enforced for his indemnity.
By our practice the statute of limitations may be invoked by a general demurrer where the lapse of time appears on the face of the petition. Sturges et al. v. Burton et al, 8 Ohio St., 215; Keithler v. Foster et al, 22 Ohio St., 27; Vose v. Woodford, 29 Ohio St., 249, 250; Valley Railway Co. v. Franz, 43 Ohio St., 625.
As the petition in the case before us discloses that the action was begun more than ten years and less than fifteen years after the cause accrued, it .is obvious its sufficiency in this respect depends upon which period of limitation is applied. If- the plaintiff’s right of action is limited to ten years from the accrual, it is barred. If he had fifteen years, it is not barred. The latter doctrine, i. e. that an action to be subrogated to any securities is not barred by the statute until an action on the security itself would be barred, rests upon the assumption that the act of payment by the surety ipso facto accomplished a complete subrogation; and upon the correctness of this assumption the plaintiffs contention depends. He contends through his counsel that the act of paying the debt of his principal of itself ipso facto, subrogated him to the rights of the creditor in the mortgage given to secure the debt, and that he is *33 entitled to the same period within which to bring an action to foreclose it that the mortgagee himself would have had, which in this state is fifteen years. Kerr v. Lydecker, Admr., 51 Ohio St., 240.
This view of the question finds some support in certain declarations and expressions found in some of the text writers and in the opinions of some careful and able judges. In Tutt v. Thornton, 57 Texas, 35, it is held that “The payment of a note by a surety is not, as between himself and the principal, an extinguishment of the same, and his right of action against the principal, is upon the note, and not on an implied assumpsit.”
If a surety who pays a note may at law sue directly upon the note itself it would seem to follow that the period of limitation fixed by statute for actions on such instrument would be applicable. This holding therefore may be regarded, if not a direct authority,- at least as in line with, the doctrine for which plaintiff in error contends. Sublett’s Admr, v. McKinney, 19 Tex., 438.
This doctrine that a surety who has paid a note or other security may sue upon it directly in an action at law we think is in conflict with the weight of authority and with principle. His remedy is upon the implied contract of indemnity. Ford v. Keith, 1 Mass., 139; Bunce v. Bunce, Kirby (Conn.), 137; Powell v. Smith, 8 Johns. (N. Y.), 249, 251; Smith v. Sayward et al, 5 Me., 504; Hulett v. Soullard, 26 Vt., 295; Joyce v. Joyce’s Admr., 1 Bush (Ky.), 474. It is certainly in conflict with the doctrine declared by this court in Williams’ Admr. v. Williams’ Admr., 5 Ohio, 444, and in Neilson & Churchill v. Fry, 16 Ohio St., 552. Nor does it find any support either in the opinion of Judge Minshall *34 who wrote the opinion of this court in Hill v. King, 48 Ohio St., 75, or in syllabus of the case. Subrogation there is not considered as a fact accomplished by the payment of the debt by the surety, but simply as a right that may be enforced by a civil action. Where a surety who pays a debt of his principal takes from the creditor an assignment of the securities the creditor held, there arises no necessity for an appeal to equity, for the surety, by the concurrent acts of himself and the creditor, has become vested with the legal title to the securities, and under our system of jurisprudence may sue on the securities in his own name. According- to the doctrine that generally prevails, and as we think the better doctrine, where, he has not taken this precaution, a surety cannot maintain an action at law on the security, for at law the payment extinguishes the security whatever its nature may be, whether a note, a judgment or a mortgage. In such case it is those principles peculiar to our system of equitable jurisprudence that preserve the securities for the benefit of the surety and subrogate him to the rights of the creditor. This right of subrogation thus arising is purely and simply a creature of that system of jurisprudence to which it owes its existence. But for that system which we call equity, the right of subrogation would not arise.
. It is not a substantive tangible right of- such nature and character that it can be seized and held and enjoyed independently of a judicial proceeding. It is a right in action only, that is, it must be established by a judicial proceeding. For this purpose under our system resort must be had to a civil action. By the commandment of our Code of Civil Procedure as well as by those rules of plead-
*35 ing which have existed immemorially, the party is required to state the facts which show the right. Strictly speaking, there are two distinct causes of action in such cases: one consists of those facts that show the right of the plaintiff to be subrogated to the rights of the creditor in the securities held by the latter; the other consists of those facts which show that the security may be enforced against the principal. In the natural order of precedence the party must establish his right to be subrogated to the security before he can be permitted to enforce it. If the facts alleged and upon which the right of subrogation depends are denied they must be established by proof as in any other civil action. In the case before us if the right of subrogation is not established the action fails and no relief can be granted.
We think, therefore, its primary purpose was to establish this right. The relief thus sdught is clearly and undeniably equitable. It does not fall within any of the specific limitations prescribed by our statutes, and must be governed by the general provision of section 4985, Revised Statutes, which provides that all actions for “relief not hereinbefore provided for shall be brought within ten years after the cause of action accrued.”
Many cases can be found that bear upon the questions involved in this opinion, the decisions of which harmonize with the conclusion we have reached. Among them may be cited, Thayer v. Daniels, 110 Mass., 345; Bullock v. Campbell, 9 Gill (Md.), 182; Stone v. Hammell, 83 Gal., 547; Ward v. Henry, 5 Conn., 595.
The determination of the question of the statute of limitations adversely to the contention of the plaintiff in error defeats his right of recovery, *36 and renders unnecessary any consideration of the .question respecting a defect of parties.

Judgment affirmed.