THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v. JOHN HITTLE.

Official Bond; CONTRACT OF SURETY FOR INDEMNITY. Where a surety company furnishes an official bond on the express condition that the principal will indemnify it against all losses, attorneys' fees and expenses of every kind which for any cause it may sustain by reason of having executed the bond, such surety may, in the absence of bad faith, recover its attorneys' fees expended in a suit on the bond, although the principal employed counsel to represent both and so notified the surety.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, OCTOBER 16, 1903.

THE defendant was the treasurer of Sioux City, Iowa, and the plaintiff furnished his official bond in the sum of $100,000. In his application for the bond, the defendant agreed to "indemnify and keep indemnified" the company "from and against any, and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which said company shall or may, for any cause, at any time, sustain or incur or be put to for or by reason or

in consequence of said company having entered into or executed said bond." The defendant, as city treasurer, and the plaintiff, as his bondsman, were afterwards sued for a large amount. The defendant employed counsel to defend him, and notified the plaintiff of the fact, and also stated to it that his attorney would attend to the case for his bondsman. Notwithstanding this . information, the plaintiff employed and paid counsel for looking after its interests in the litigation, and brings this action to recover the amount so paid. There was a trial to a jury, and a verdict and judgment for defendant. The plaintiff appeals.—*Reversed.*

*John R. Carter* for appellant.

*F. E. Gill* for appellee.

SHERWIN, J.—The court instructed that the plaintiff could recover nothing unless it proved that the attorneys' fees paid by it were reasonably and necessarily expended in defending against the suits, and reasonably necessary to protect it from liability on its bond. The clearly-expressed thought of the charge is that no matter how conscientiously the plaintiff acted in employing and paying counsel to represent its interests in the litigation, it cannot recover under the terms of its agreement with the defendant unless the employment of such counsel was reasonably necessary; or, in other words, that if the defendant had employed competent counsel to represent himself and his bondsmen, the plaintiff could not recover. The plaintiff was asked to become the defendant's surety for a large sum, and it furnished the bond upon the express condition that the defendant would indemnify and keep it indemnified from and against any and "all loss, counsel fees, and expenses of whatever kind or nature which said company shall, for any cause, sustain, or incur,

or be put to." This language is very broad, and was evidently intended to protect the company from any financial loss arising from its suretyship for the defendant. When it was made a co-defendant with him in suits seeking to recover large sums of money, it was but natural, and dictated by good business policy as well, that it should employ competent counsel to specifically look after its interests. This was the reasonable thing to do under the broad language of the contract. No one will contend that expenses of any kind could be incurred for the sole purpose of mulcting the principal; but unless bad faith is shown which would operate as a fraud upon the defendant, we think there can be no question of the plaintiff's right to employ and pay counsel under this contract, whether reasonably necessary, within the meaning of the instruction, or not. *Hulett v. Soullard*, 26 Vt. 295; *Chilson v. Downer*, 27 Vt. 536; *Trustees of Village of Newburgh v. Galatian*, 4 Cow. 340. The contract is not to pay such expenses as may appear to have been reasonably necessary, but to pay such as have been paid or assumed for any cause; clearly leaving it discretionary with the plaintiff as to whether necessary or not, and only requiring it to act in good faith in the matter.

One or two other minor matters are argued, but as our conclusion on the construction of the contract goes to the merits of the controversy, we do not discuss the others.

The instruction complained of is wrong, and the judgment is REVERSED.