# CASES DETERMINED

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1912.

---

AMERICAN SURETY COMPANY, APPELLANT, v. DUNCAN M. VINSONHALER, APPELLEE.

FILED SEPTEMBER 28, 1912. No. 16,771.

1. **Principal and Surety:** ACTION AGAINST PRINCIPAL: PETITION: SUFFICIENCY. The defendant held the office of county judge for three successive terms; the plaintiff was surety on his official bonds. The agreement between them was that the defendant should indemnify the county and save it harmless from all claims, etc., arising out of the suretyship, and should place the surety in funds to meet any claim, etc., "before it shall be required to pay the same." The defendant, as principal, and the plaintiff, as surety, were sued by the county for the alleged unlawful detention of fees by the defendant; it was found that the county had no cause of action and the suit was dismissed. Afterwards the plaintiff began this action to recover from defendant expenses incurred by plaintiff for attorney's fees and other expenses in defending the original suit. It appeared from the petition that the defendant herein employed counsel and defended the original suit, and it was not alleged that this defendant had failed to indemnify the plaintiff, and place the plaintiff in funds to meet all claims arising out of the suretyship as agreed, or that there was any real or apparent necessity of incurring the expenses sued for, or that the surety had any reason to, or did, consider that such expenses were necessary for its protection. *Held*, That the petition failed to state a cause of action, and that a general demurrer thereto was rightly sustained.

2. ———: LIABILITY OF PRINCIPAL. Also, *held*, that the surety under the alleged contract was entitled to be protected against all necessary expenses incurred in defending itself against liability on these bonds, and should be allowed to exercise a reasonable discretion as to necessary measures of defense.

3. ———: ———. Also, that when the petition itself indicates that the expenses sued for were unnecessary, and no circumstances are alleged showing any necessity therefor, or that the surety had any reason to, or did, regard such expenses necessary, there can be no recovery.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Montgomery & Hall,* for appellant.

*Gurley & Woodrough, contra.*

SEDGWICK, J.

This defendant was county judge of Douglas county for three several terms, and the plaintiff was surety upon his official bond for each of the terms. After the end of the third term the county began an action against the defendant and against this plaintiff as his surety, upon the three official bonds, to recover several thousand dollars for fees of the office which it was claimed had been received by the defendant and not accounted for. It was finally determined in that action that the defendant was not liable to the county, and the action was dismissed; and the plaintiff brought this action to recover its attorney's fees and other expenses incurred in the former action. A general demurrer to the amended petition was sustained and the action dismissed, and the plaintiff has appealed.

The amended petition, after alleging the above facts and the usual formal matters, alleged that the defendant made application to the plaintiff in writing, requesting the plaintiff to become surety upon his official bonds in the sum of $50,000, and, as a part of his said application, agreed in writing with the plaintiff as follows: "That I will, at all times, indemnify and save the surety harmless from and against every claim, demand, liability, cost, charge, expense, suit, order, judgment and adjudication whatsoever, and will place the surety in funds to meet every claim, demand, liability, cost, charge, expense, suit,

order, judgment or adjudication against it by reason of such suretyship and before it shall be required to pay the same."

The bonds executed by the plaintiff are alleged in the petition to have contained the following: "Now the condition of the above obligation is such, that if the above bounden Duncan M. Vinsonhaler shall faithfully and impartially perform and discharge the duties of said office according to law and shall promptly account for and pay over all money, papers, or other property that may come into his hands in virtue of his said office, to his successor in office, or to the person or party entitled thereto, then this obligation to be void, otherwise to be and remain in full force and virtue."

The several applications do not appear to have been worded precisely the same, and it is alleged that the third application contained the following agreement on the part of this defendant: "And I do further hereby bind myself, my heirs, executors and administrators, to save the said surety company harmless, and on demand to pay it any and all claims, demands, loss and damages of every nature and kind and on. demand to pay it all legal and other costs, counsel fees, and expenses directly or indirectly which said surety company shall at any time sustain by reason or in consequence of such suretyship, and any and all renewals, extensions and continuations thereof, whether before or after legal proceedings by or against said surety company, and without notice thereof to me."

It is alleged that the action begun by the county was jointly against the principal and surety, and that after the principal had answered the surety answered separately, and "employed attorneys to represent, look after and so act as might be deemed necessary to protect the the interests of this plaintiff as defendant in said action." It appears from the petition that this defendant also answered and defended the original action. There is no allegation in the petition that the defendant failed or neglected to indemnify the surety and protect it against

the claim of the county, or to "place the surety in funds to meet every claim or demand" that might be made against it by reason of its suretyship, or that the defendant in any other way failed to perform his agreement with this plaintiff, or that the defendant failed in any respect to properly and fully defend the original action against him and the surety.

The plaintiff insists that by the terms of the contract between the parties it was left to the discretion of the surety to employ attorneys if it saw fit to do so, and that unless the defendant showed that the plaintiff acted in bad faith, so that its action would amount to a fraud upon the defendant, the fees so paid to attorneys constitute a proper charge against the defendant. To support its position the plaintiff relies upon the decision of the supreme court of Iowa in *United States Fidelity & Guaranty Co. v. Hittle*, 121 Ia. 352. Without determining whether we would be willing to follow that court to the full extent of its opinion in that case, we are satisfied that the language there used should not be applied in a case of this kind. In that case, it does not appear that the principal upon the bond agreed to place funds in the hands of the surety sufficient to protect it against any claim or demand, and we cannot believe that that court would hold that in such case, if the defendant complied with that agreement, and while there were funds in the hands of the surety, furnishing protection against the claim that was being urged against the principal, and while the principal was properly and sufficiently defending the action, the surety could, without the knowledge or consent of the principal, incur additional and apparently unnecessary expense, and recover the same from the principal. The case at bar is more clearly analogous to *American Surety Co. v. Lehr*, 93 S. W. (Tex. Civ. App.) 681. In that case, the agreement between the principal and the surety also contained the agreement on the part of the principal to place the surety in funds to meet every claim and demand, and the opinion in the case shows that this was done by the prin-

cipal. Their contract also provided that in case the principal requested the surety to defend the action he would defray any cost, charges and expenses which it might incur in so doing. While the surety held these funds for indemnity, and, without any request to do so from the principal, it employed counsel to defend the action brought against the principal and surety upon the bond. That court held that under these circumstances the surety, which was fully indemnified by the deposit of collaterals, could not defend the action at the expense of the principal without the principal's request so to do. In the case at bar, we have very much the same conditions. The petition shows that the agreement was that the principal should furnish funds to the surety sufficient to indemnify it against any claim, and, in the absence of any allegation that he failed to do so, or failed to properly defend the suit, it must be considered, as against the pleader, that the principal had complied with all of his agreements in that regard. If the surety was fully protected by the prinicpal against any possible judgment that might be obtained by the county in its action, and the principal had employed attorneys who were fully and properly defending the action, further expense on the part of the surety must have been unnecessary and wanton. No doubt under this contract the surety ought to be protected against all necessary expenses incurred in defending itself against liability on these bonds, and should be allowed to exercise a reasonable discretion as to necessary measures·of defense, but the allegations of this petition indicate that the expenses sued for were unnecessary, and there is no allegation of circumstances showing any necessity for such expense, or even that the surety regarded such expense necessary. In these respects the petition failed to state a cause of action and the demurrer was properly sustained.

The judgment of the district court is therefore

AFFIRMED.