FIDELITY & CASUALTY COMPANY OF NEW YORK, Respond-
ent, vs. JOHNSON, Appellant.

*April 8—May 11, 1926.*

*Contracts: Validity: Of surety and principal relative to reimburs-
ing former for costs and charges: Public policy.*

1. A contract whereby the state treasurer agreed to indemnify
   the surety on his official bond against loss which it might
   incur in consequence of bonding him for the faithful per-
   formance of his duties, in accordance with ch. 14, Stats., is
   not void as against public policy.  p. 201.
2. Attorney fees, disbursements, costs, charges, and expenses paid
   out by the surety on the bond of the state treasurer in de-
   fending an action by the state against the treasurer for loss
   resulting from his alleged failure to perform his duties, are
   recoverable under the contract of the treasurer to indemnify
   the surety for losses, costs, and expenses incurred in conse-
   quence of the bond.  p. 201.

APPEAL from an order of the circuit court for Dane
county: AUGUST C. HOPPMANN, Circuit Judge.  *Affirmed.*

For the appellant there was a brief by the *Attorney Gen-
eral* and *T. L. McIntosh,* assistant attorney general, and oral
argument by *Mr. McIntosh.*

For the respondent there was a brief by *McGovern,
Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argu-
ment by *F. E. McGovern.*

ROSENBERRY, J.   The plaintiff is a company engaged in
the business of furnishing indemnity insurance.  It is al-
leged in the complaint that the defendant was treasurer of
the state of Wisconsin and by the provisions of ch. 14,
Stats., was required to give a bond in the penal sum of
$100,0G0 conditioned "for the faithful performance and dis-
charge by defendant of the duties of the office of state treas-
urer and of all persons appointed and employed by him in
his said office, and for the faithful performance and dis-
charge of defendant's duties as a member of the board of

commissioners of the public lands of the state of Wisconsin
and in the investment of the funds arising therefrom during
each term of defendant's office for the period of two years
to which he was elected and in each instance until defend-
ant's successor should be elected and qualified;" that the
bond was issued December 16, 1916, upon the applica-
tion of the defendant, was duly approved and filed in the
office of the governor of the state of Wisconsin on Decem-
ber 21, 1916. Like application was made on December 3,
1920, for like bond of $100,000.

The complaint alleges "that as a part of the consideration
for plaintiff's becoming surety on each of said bonds de-
fendant in each of said applications covenanted and agreed
to indemnify plaintiff against any losses, damages, costs,
charges, and expenses it might sustain, incur, or become
liable for in consequence of the said bond or any renewal
thereof or any new bond issued in continuation thereof or
as a substitute therefor;" that suit was brought by the state
against certain guarantors of a state depository and as a
result thereof the defendant and the plaintiff were made
parties to the suit. (The facts and circumstances in con-
nection with that matter are fully set out in *State v. John-
son,* 186 Wis. 59, 202 N. W. 319, and need not be restated
here.) That the plaintiff paid out for attorneys' fees, dis-
bursements, costs, charges, and expenses the sum of $812.29
in defense of the action. This action was begun to recover
the amount of such attorneys' fees, disbursements, costs,
charges, and expenses which the defendant refused to pay.
The defendant demurred to the complaint, the demurrer was
overruled, and from the order overruling the demurrer the
defendant appeals.

It is contended by the defendant that the contract by
which the defendant agreed to indemnify the plaintiff
against loss, damages, costs, charges, and expenses which it
might incur or become liable for in consequence of said bond

Fidelity & Casualty Co. v. Johnson, 190 Wis. 199.

is void for the reason that it is against public policy. It may be conceded without argument that contracts contrary to public policy are void. We find no substantial basis for the claim that this contract is void. The argument is that because the surety has an agreement by which the principal agrees to indemnify it for costs, expenses, and charges which it may incur in consequence of the bond that the state treasurer will by reason of that fact be induced not to deposit state funds in banking institutions designated as state depositories which in the opinion of the state treasurer are not perfectly safe, because if he does so he may be sued with his bondsmen and so become liable for costs. If the agreement between the state treasurer and the surety tends to encourage the state treasurer to deposit state funds in institutions that are perfectly safe, we see nothing contrary to public policy in that. The weaker depositories have no vested right to a deposit of state funds. The principal was at common law by implication liable for costs and expenses incurred by the surety in defending himself against liability. 32 Cyc. 274, and cases cited. The state treasurer is required by law, as a condition of holding his office, to secure the state against loss by reason of his improper handling of state funds. The surety comes forward and for a consideration agrees to so indemnify the state, and as a part of the arrangement the principal agrees to reimburse the surety for losses and expenses incurred in consequence of the bond. We fail to see anything in this transaction which is in the slightest degree contrary to public policy. The fact that the treasurer is required to reimburse the surety in case there is liability under the bond tends to make him more careful in the discharge of his duties rather than less careful. The bond was issued upon a valid consideration. The principal as an inducement for the issuance of the bond agreed to reimburse the surety for disbursements and expenses incurred in consequence of the bond. While

the treasurer performed his duties and there was no liability and no breach of the conditions of the bond, except for the bond the surety would have incurred no liability for costs and disbursements. It necessarily follows that the liability was incurred in consequence of the bond. The language is very broad, is not restricted, and is intended to make the principal primarily liable. If it was the intention of the parties to make the principal liable only in case there was a breach of the conditions of the bond, that limitation should have been included in the language of the application.

*By the Court.*—The order appealed from is affirmed.

STEVENS, J., took no part.

For the appellant there was a brief by the *Attorney General* and *T. L. McIntosh,* assistant attorney general, and oral argument by *Mr. McIntosh.*

For the respondent there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*