(132 So. 901)

**KILGORE v. UNION INDEMNITY CO.**

6 Div. 851.

Supreme Court of Alabama.

March 5, 1931.

Sowell & Gunn, of Jasper, for appellant.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellee.

**BOULDIN, J.**

The action is by the surety on an official bond against the principal to recover attorneys' fees incurred and paid by the surety in defense of damage suits brought against principal and surety on the bond.

The action is based on an indemnity covenant or agreement incorporated in the application to the bonding company, and which reads: "* * * in consideration of the Union Indemnity Company executing the bond herein applied for or any continuation thereof I do hereby covenant, promise and agree to pay the premium or fees hereinafter agreed upon, viz., Fifty Dollars ($50.00) per annum in advance, and to pay the said Company any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature, which said company shall or may for any cause, at any time, sustain or incur, or be put to, for, or by reason, or in consequence of said Company having entered into or executed," etc.

This agreement is more than an indemnity against legal liability, such as involved in liability insurance. Cases involving indemnity recoverable under general principles of law growing out of the relations of parties, or out of general covenants to hold harmless, etc., are only valuable as they afford analogy in the principles recognized and applied.

The agreement here is stated in broad terms, and must be construed to give effect to the intent, and to accomplish the purposes in view.

The attorneys' fees to be incurred by the surety are not limited to suits well founded or probably well founded in fact. Legal services are naturally required to ascertain the facts and to meet the allegations made.

Neither are they limited to cases well founded in law. The party sued is entitled to legal advice on the question of his legal liability on the face of the complaint, and to services in presenting the proper issue of law in defense. For example, one of the suits in which the surety incurred an attorney's fee was brought under the Homicide Act. Under the law, as declared by this court, the surety on an official bond is not liable for punitive damages, growing out of the malfeasance of the principal or those for whose acts he is liable. Phillips v. Morrow, 210 Ala. 34, 97 So. 130; Wilson v. Orr, 210 Ala. 93, 97 So. 133; Hain v. Gaddy, 219 Ala. 363, 122 So. 329.

But the surety, in the exercise of ordinary prudence, was not required to remain silent, and take the chances on a judgment by default, and the further legal complications to follow.

True, as appellant argues, great hardship may fall on the principal by the bringing of

groundless suits. Still, if they must be defended, the question is whether he has assumed the burden of expense incurred or does it rest upon the surety.

The complaint set forth the contract, the bringing of certain suits against the surety, giving their nature and names of parties, the employement of counsel to defend the same, the sums paid as attorneys' fees for such services, and that such sums were reasonable in amount. This was sufficient. No further necessity to incur attorneys' fees need be averred.

It appears without dispute that the sheriff, the principal in the bond, employed competent counsel to defend the suit on behalf of himself and the surety, and they did interpose such defense. He did not, however, notify the surety of such fact. The attorney for the surety also appeared, and, without objection, interposed defenses for his client.

This contract does not stipulate that the principal shall employ counsel nor defend for the surety, nor limit the surety to counsel appearing at his instance.

In the absence of notice that he is so doing, the surety may proceed to employ counsel of its own. If he does so notify the surety, and makes a request that further expense for counsel fees be avoided, the right of the surety to proceed, notwithstanding, and incur attorney's fees to be met by the principal, may turn much on the particular case.

In construing indemnity covenants like that before us, it is everywhere recognized that the indemnitee must act in good faith. He cannot needlessly, in utter disregard of the burdens he is imposing on his indemnitor, incur attorney's fees, and in no case such as are excessive and unreasonable in amount.

The rule is otherwise stated as requiring good faith and the exercise of a reasonable discretion. In Oklahoma a statute so defines contracts of indemnity.

Good faith in such cases is that which obtains between persons standing in confidential or fiduciary relations; a good faith which carries a duty to have regard for the interests of his associate, an application of the principles of the golden rule.

Good faith implies the exercise of a reasonable discretion in the circumstances.

When a surety is sued for the malfeasance of his principal, who asks to be allowed to defend with his own counsel, the surety may need legal advice in the exercise of a wise and just discretion in the matter.

The extent of services and consequent fees to be incurred comes within the like rule of good faith.

The cases dealing with indemnity covenants substantially the same as that before us, and other kindred provisions, we think, sustain the views we have above announced. U. S. F. & G. Co. v. Hittle, 121 Iowa, 352, 96 N. W. 782; Ireland v. Linn County Bank, 103 Kan. 618, 176 P. 103, 2 A. L. R. 184; Maryland Cas. Co. v. Ballard, 126 Okl. 270, 259 P. 528; Steckdaub v. Wilhite (Mo. App.) 211 S. W. 915; Morrison v. F. & D. Co., 150 Ga. 54, 102 S. E. 354; American Surety Co. v. Vinsonhaler, 92 Neb. 1, 137 N. W. 848; Fidelity & Cas. Co. v. Johnson, 190 Wis. 199, 208 N. W. 791; 31 C. J. p. 436, § 31d, note 63.

In the present case there is no question that the attorneys' fees were reasonable in amount.

No bad faith or abuse of discretion appears.

Affirmed.

ANDERSON, C. J., and GARDNER, and FOSTER, JJ., concur.