# O'GRADY *vs.* JULIAN.

[ACTION TO RECOVER DAMAGES FOR WRONGFUL AND MALICIOUS ATTACHMENT.]

1. *Relevancy of evidence to prove damages sustained.*—In an action to recover damages for the wrongful and malicious suing out of an attachment against a merchant, the plaintiff cannot be allowed to prove "what was the usual profit made by such establishments in the neighborhood of the plaintiff in the same kind of business."
2. *Mode of proving damages.*—A witness may be asked to state, from his own knowledge, "what was the effect of the issue of said attachment, and the seizure and levy under the same, upon the business and credit of the plaintiff."
3. *Burden of proof as to probable cause for suing out attachment.*—In this action, the *onus* is on the plaintiff to prove the falsity of the affidavit on which the attachment was sued out, and not on the defendant to prove its truth.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by P. A. Julian, against Dominick O'Grady, to recover damages for the wrongful and malicious suing out of an attachment. The plaintiff was a merchant in Mobile at the time when the attachment was sued out against him, and was indebted to the defendant in the sum of about $85; and the ground on which the attachment was sued out was, that he was about to dispose of his property fraudulently. The

O'Grady v. Julian.

defendant pleaded not guilty, and justification; and the cause was tried on issues joined on these pleas.

"On the trial," as the bill of exceptions states, "the plaintiff asked one of his witnesses, (after offering proof to the jury tending to show the extent of his business, as to the amount of sales made by him per week, or per month,) 'what was the usual profit made by such establishments in the neighborhood of the plaintiff in the same line of business.' The defendant objected to this question; the court overruled his objection, and he excepted."

"The plaintiff also asked one of his witnesses, 'what was the effect of the issue of said attachment, and the seizure and levy under the same, upon the business and credit of the plaintiff.' To this question the defendant objected, as calling for the opinion of the witness; to which objection it was replied, that the opinion of the witness was not called for, but the facts within his knowledge. The court overruled the objection, and permitted the question to be asked; to which the defendant excepted. In answer to said question the witness stated, that the issue and levy of the attachment had a serious effect; that it broke up the plaintiff's business, destroyed his credit, prevented the renewal of his notes then running to maturity, and caused the withdrawal of his credit by the parties with whom he had been in the habit of dealing. This the witness stated as facts within his knowledge, and not as matter of opinion."

"The court charged the jury, among other things, that it devolves on the defendant in this action to sustain the truth of the affidavit which he made in the attachment suit, and not on the plaintiff to show it untrue, if, on the other points in the case, they are of opinion that the plaintiff ought to recover. To this charge the defendant excepted, and requested the court to instruct the jury, that the plaintiff must show by some evidence that the affidavit was false, unless the defendant made the affidavit with a purpose to vex or harass the plaintiff, before the burden of proof can be shifted upon the defendant to sustain the truth of the affidavit; which charge the court refused to give, and the defendant excepted."

7

The rulings of the court above stated, with other matters, are now assigned as error.

WM. G. JONES, and CHAMBERLAIN & HALL, for appellant. JOHN T. TAYLOR, *contra*.

STONE, J.—In receiving proof of "what was the usual profit made by such establishments in the neighborhood of the plaintiff in the same kind of business," the city court clearly erred. Such testimony could furnish no reliable data for determining the loss sustained by plaintiff; while its tendency was to multiply the issues before the jury almost indefinitely.—Gilmer v. City Council, 26 Ala. 665–9; Hubbard v. And. and Ken. R. R. Co., 39 Maine, 506; Standish v. Washburn, 21 Pick. 237; Heywood v. Decreet, 4 Gray, 111.

[2.] There are some embarrassments thrown around the second exception of the appellant. The plaintiff below, against the objection of the defendant, was permitted to ask a witness, "what was the effect of the issue of said attachment, and the seizure and levy under the same, upon the business and credit of the plaintiff?" After this question was objected to, the plaintiff stated that he did not call for the opinions of the witness, but only for his knowledge. This renders it unsafe to announce any opinion adverse to the legality of the question, as it was certainly the right of the plaintiff to prove by witnesses all *actual damage they knew* he had sustained from the issuance and levy of the attachment. The answer given was not excepted to.—See Donnell v. Jones, 13 Ala. 490. This question will probably not again arise in the form now presented.

[3.] The charge of the court, "that in this action, it devolves on the defendant to sustain the truth of the affidavit which he made in the attachment suit, and not on the plaintiff to show it untrue," as also the refusal of the court to give the charge asked by the defendant, raise the question of *onus* in actions such as this. We have not been referred to any decision which sustains this view, nor have we found any.

The analogy between suits like the present, and suits for malicious prosecution, is very striking.—See Wilson v. Outlaw, Minor's Rep. 367; Kirksey v. Jones, 7 Ala. 622. In 2 Greenlf. Evidence, § 454, it is said: "The want of probable cause is a material averment, and though negative in its form and character, it must be proved by the plaintiff, by some affirmative evidence; unless the defendant dispenses with this proof, by pleading singly the truth of the facts involved in the prosecution."—See, also, 1 Greenl. Ev. §§ 80, 81, 78; Drake on Attachments, §§ 729, *et seq.*

Under this rule, the *onus* was on the plaintiff to give some evidence to the jury of the falsity of the affidavit, or of circumstances from which that body could infer its falsity, before the defendant could be called on to sustain the truth of his affidavit. The plaintiff's right to recover depended on the vexatious or wrongful use of the process; and to make this out, the laboring oar was, in the first instance, with him.

Judgment of city court reversed, and cause remanded.