HUGH COCHRANE and another *vs.* LIVINGSTON · QUACKENBUSH, impleaded, etc.

August 18, 1882.

**Parties to Actions—Joint Injuries under Attachment Proceedings—Damages.**—Where several parties have suffered a joint injury, caused by the issuance of an attachment in a civil suit sued out maliciously and without probable cause, they may unite in an action to recover their joint damages. In such action special damages may be alleged and proved for injuries to their joint credit, business, and property.

**Malicious Prosecution—Writ of Attachment—Complaint held Sufficient.**—The *gravamen* is the injury caused by the groundless and malicious issuance of legal process. And where the complaint failed to allege the falsity of an affidavit for an attachment, (which affidavit was made a part of the complaint,) but alleged that the writ was issued maliciously and without probable cause, *held* sufficient as against a general objection for insufficiency made for the first time on the trial.

**Same—Improper Evidence—Damages too Remote.**—Upon the trial of this case evidence was received of the disposition of the partnership property (subsequent to the vacation of the writ of attachment) by a receiver appointed in a suit for a dissolution of the partnership; also of the loss and shrinkage in the assets on the receiver's sale. *Held* improper and too remote on the question of damages.

Appeal by defendant Livingston Quackenbush from an order of the district court for Le Sueur county, *Macdonald*, J., presiding, refusing a new trial, after a verdict of $7,000 for plaintiffs.

*O'Brien & Wilson* and *F. Cadwell*, for appellant.

*Warner & Stevens*, for respondents.

VANDERBURGH, J.*  In April, 1874, the plaintiffs in this action, who had been for several years established in partnership business in Le Sueur, in this state, purchased a stock of hardware of the defendant Livingston Quackenbush, and gave him their joint note therefor for the sum of $1,902, payable in two years, with interest.  The note was afterwards transferred to defendant Peter Quackenbush. Thereafter, in the year 1875, the plaintiffs sold to defendant Halsey

*Mitchell, J., did not sit in this case.

one-third interest in their partnership business and stock in trade, and the business then proceeded under the joint firm name of Cochrane, Cosgrove & Halsey. Afterwards, in the spring of 1876, negotiations were entered into between plaintiffs and Halsey for a transfer to him of their entire interest in the partnership stock and business. While these negotiations were pending, and about May 17, 1876, the defendant Peter Quackenbush, acting through the defendant Livingston Quackenbush, as his agent, brought an action against the plaintiffs, and caused a writ of attachment to be issued therein, upon an affidavit and bond made and filed by the defendant Livingston, under which the sheriff proceeded to levy upon the joint property of the plaintiffs, and also the stock and partnership property of Cochrane, Cosgrove & Halsey, and took possession of the same. The attachment was soon afterwards vacated. This action is brought by the plaintiffs jointly for damages resulting from the issuance of the attachment, which they allege was sued out maliciously and without probable cause. In addition to the facts above recited, the complaint alleges that the defendants Quackenbush acted in collusion and in conspiracy with Halsey in causing the attachment to be issued, and with the design to destroy the credit and business of plaintiffs, and to compel them to sell out their interest in the stock and business of the firm to Halsey at less than its value. Defendant Halsey did not answer. The action was dismissed at the trial as to Peter Quackenbush, and the plaintiffs had a verdict against the defendant Livingston Quackenbush, who has appealed.

1. It is urged by the appellant that the complaint is fatally defective because it does not in terms negative the truth of the matters set forth in the affidavit annexed to the complaint. The plaintiffs rely upon the allegations that the attachment was sued out maliciously and without probable cause, and that the same was promptly vacated. This objection is made specifically for the first time in this court, and therefore ought not to be favored. The only objection to the complaint made in the court below was at the trial, on the general ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint was sufficient as against the objection at that stage of the case. *Smith* v. *Dennet*, 15 Minn.

81. "When the objection is not interposed until after the issue is made up and the cause called for trial, * * * it should not be allowed to prevail, if the proceedings can be sustained by any reasonable intendment." *McArdle* v. *McArdle*, 12 Minn. 98, (106.) Especially should this rule prevail when the attention of the trial court is not particularly called to the defect relied on. Conceding that, in conformity with the strict rules of pleading, the falsity of the affidavit should have been alleged directly, rather than left to inference from the allegation of want of probable cause, it is nevertheless substantially included in the latter. The allegation of the want of probable cause is broader than one of the falsity of the affidavit simply, which alone would not be sufficient. *Given* v. *Webb*, 7 Robt. 65; *Cole* v. *Curtis*, 16 Minn. 182. If plaintiff's evidence sustain the allegations of malice and want of probable cause as made, it is sufficient. *Vanderbilt* v. *Mathis*, 5 Duer, 304; *Spaids* v. *Barrett*, 57 Ill. 289; *Stone* v. *Crocker*, 24 Pick. 81. The *gravamen* is the injury which plaintiffs have suffered by a groundless and malicious issuance of legal process. 2 Greenl. Ev. § 449.

2. It is also objected that this action cannot be maintained by the plaintiffs jointly. Where there is a joint injury, a joint action may be sustained, but the evidence and damage must be confined to such joint injury or cause of action. Here the plaintiffs are jointly sued upon a joint note, were jointly engaged in business, and jointly owned the attached property. If, then, their joint or partnership credit has been injuriously affected, their business stopped, or assets depreciated, they may rightly join in an action to recover appropriate damages therefor. *Donnell* v. *Jones*, 13 Ala. (N. S.) 490; *Patten* v. *Gurney*, 17 Mass. 182; *Medbury* v. *Watson*, 6 Met. 257; Collyer on Partnership, (6th Ed.) § 689. When one partner colludes with a stranger to injure his copartners, the latter may maintain a joint action for injury to their common interest in the partnership fund. Collyer on Partnership, *supra;* *Longman* v. *Pole*, 1 Moody & M. 225. Apart from the charge of collusion in this case, on account of which Halsey is made a defendant, the objection that all the members of the partnership were not joined as plaintiffs could only be raised by the pleadings. And the same is true of the alleged misjoinder of a cause of ac-

tion in favor of the plaintiffs with one in favor of the new firm. We think the evidence offered, in so far as it related to their joint interest and tended to establish the joint damage suffered by these plaintiffs, was proper. The record of the attachment suit was proporly received in evidence. 2 Wharton on Ev. § 823.

3. On the question of damages, however, evidence was improperly received, against the defendant's objection, of the disposition of the partnership property subsequent to the attachment, including tho appointment of a receiver, (in a suit by plaintiffs for a dissolution of the partnership with Halsey,) the inventory of the stock, and the loss and shrinkage in the assets on the receiver's sale. Whether the plaintiffs were constrained to take this course by the influence of creditors or otherwise, it was of their own election, and this particular disposition of the assets was not the proximate result of the attachment, and was too remote to be considered. *Donnell* v. *Jones, supra,* 513, 514. As there must be a new trial on this ground, it is not necessary for us to consider other questions which may not again arise in the form now presented. We therefore pass the consideration of the question as to the sufficiency of the evidence upon any of the points raised, and the requests to charge in relation to the same matter.

We see no error in the general charge of the court, or in the instructions given in behalf of the plaintiffs as requested. It was proper for the court to specially limit the jury to the consideration of such matters as affected the plaintiffs jointly; and we doubt not the court would have done so had defendant's request been in the proper form.

Order reversed.