# Alabama Great Southern R. R. Co. *v.* Yarbrough.

*Action for Damages on account of Personal Injuries.*

1. *Contributory negligence; getting on freight car by permission of conductor, while being loaded.*—A person who, by permission of the conductor, gets on a freight car while it is being loaded, is not a trespasser, nor guilty of contributory negligence in so doing, unless he knew that the conductor exceeded his authority in granting the permission.

2. *Damages for personal injuries; evidence as to extent of injuries.*—In an action for damages on account of personal injuries, the loss or diminution of capacity to follow plaintiff's usual business or employment is an element of damages; the character and extent of his business, and his physical capacity to perform it at the time he was injured, may be shown; and where one of the injuries received was the breaking of an arm, he may prove that his other arm had been previously disabled—not as an element of damages, but as showing the greater incapacity produced by the injury complained of.

3. *To what witness may testify; opinion and conclusion of fact.*—The plaintiff having been injured while standing on a freight car, then being loaded with slag by means of a steam shovel, and it being shown that he was struck by the bucket suspended to a revolving lever, having just changed his position; the person who was operating the steam shovel, testifying as a witness for the defense, may state that, "after it had started, and plaintiff had placed himself under it, no human effort could have prevented the lever or the bucket from swinging to its accustomed place."

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARP.

This action was brought by Nat. L. Yarbrough against the appellant, a domestic corporation, to recover damages for personal injuries sustained by plaintiff, from the alleged negligent acts of the defendant's agents and servants, whereby plaintiff was struck by the revolving lever and bucket of a steam shovel, and knocked from the train on which he was standing, breaking his arm, and inflicting other injuries. The

[Ala. Great Southern R. R. Co. v. Yarbrough.]

action was commenced on the 10th May, 1886. The defend-
ant pleaded not guilty, and contributory negligence; and
the cause was tried on issue joined on these pleas, result-
ing in a verdict and judgment for the plaintiff, for $1,300.
On the trial, as the bill of exceptions shows, the plaintiff tes-
tified in his own behalf that, for about twelve months before
the injury, which occurred on the 25th June, 1885, he was
employed by the Sloss Furnace Company to pick up scrap
iron out of the slag, for which they paid him by the ton;
that the defendant began, about the first of June, to get slag
at the Sloss Furnace Company, to use as ballast on their
road, loading it by means of a steam shovel; that he had a
conversation with the conductor of defendant's train which
carried off the slag, and on which plaintiff was afterwards
injured, and told him (said conductor) that they were going
to break up his (plaintiff's) business; and that the conduc-
tor then informed him, '*he could stand on the car, and pick
the scrap-iron out of the slag as it was loaded.*'" To this
testimony, as to what the conductor said, the defendant ob-
jected, and duly excepted to its admission as evidence. The
plaintiff further testified that, "after this conversation with
the conductor, he made it his business to pick up scrap-iron
from the train, for which he was paid by the Sloss Furnace
Company; that at the time of the injury, 25th June, 1885,
he was standing on the car while it was being loaded with
slag by means of the steam shovel; that the front end of the
car had been loaded, and the car was being moved a few feet,
so that the rear end could be loaded; that while the car was
being moved slowly, by hand, the bucket of the steam shovel
came around on it, full of slag; that when he saw it coming
around, he ran from the end of the car which was loaded,
towards the other end, for the purpose of jumping off; that
he ran in the direction in which the bucket was coming, and
was knocked off the car by an oil barrel, which the bucket
struck as the lever came around; that, if he had remained
where he was when he saw the bucket coming, he would not
have been struck by the bucket or the barrel, but might have
been struck by the lever." Plaintiff further testified, in
answer to a question, by his own attorney, "that he had been
shot in the other arm during the late war, and had but little
use of that arm since;" and this question and answer were
admitted as evidence by the court, against the objection and
exception of the defendant. The plaintiff introduced two
other witnesses, one of whom was the fireman of the defend-

ant's train at the time of the accident; each of whom testified, in substance, that the steam shovel could have been easily stopped after it started, in time to prevent the accident. The conductor of the train, who was examined as a witness for the defendant, denied that he had ever given plaintiff permission to stand on the car, and said he had often warned him against the danger; and it was admitted that one Schwartz, who had charge of the steam shovel at the time of the accident, would testify, if present," that after the shovel had started, and plaintiff had placed himself under it, no human effort could have prevented the lever or bucket from swinging around to its accustomed place." This statement the court excluded as evidence, on objection by the plaintiff, and the defendant excepted.

These rulings on evidence, with other matters, are now assigned as error.

DENSON & DOBBS, and WOOD & WOOD, for appellant. (1.) The declarations of the conductor, or the alleged permission granted by him to the plaintiff, were outside the scope of his authority, were not a part of the *res gestæ*, and ought not to have been admitted as evidence against the defendant.—*Gilliam v. S. & N. Ala. Railroad Co.*, 70 Ala. 268; *M. & M. Railway Co. v. Ashcroft*, 48 Ala. 15; *Tanner v. L. & N. Railroad Co.*, 60 Ala. 621; *M. & C. Railroad Co. v. Maples*, 63 Ala. 601. (2.) The previous injury to plaintiff's other arm, and the fact that it was received while in the army, were not relevant to the issues in this case, and ought not to have been admitted as evidence.—*Governor v. Campbell*, 17 Ala. 574; *Galbreath v. Cole*, 61 Ala. 139. (3.) The proposed testimony of Schwartz was not matter of opinion, but the mere statement of a collective fact, and was competent evidence.—*Turnley v. Hanna*, 82 Ala. 139; *Nelson v. Iverson*, 19 Ala. 95; *Elliott v. Stocks*, 67 Ala. 290; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266.

S. L. WEAVER, with STILES & PURSER, *contra.*—The testimony of Schwartz, as proposed, was mere matter of opinion, and was properly excluded as evidence.— *Ware, Murphy & Co. v. Morgan*, 67 Ala. 461; *Railroad Co. v. Edmunds*, 41 Ala. 667; *Washington v. Cole*, 6 Ala. 212. (2.) The fact that plaintiff's other arm had been previously injured was admissible as evidence, not as an element of damages, but as showing the extent of the injury to his sound arm, as

[Ala. Great Southern R. R. Co. v. Yarbrough.]

rendering him less competent physically for any kind of business; just as the loss of a single eye, when the other has been already destroyed, is a greater injury than if the sufferer had two eyes.

CLOPTON, J.—It was specially pleaded, that plaintiff contributed to his own injury, in this, as is claimed, that he was wrongfully on the car of the defendant while it was being loaded with slag. To disprove this, the plaintiff was permitted to testify, that the conductor had previously informed him that he could stand on the car and pick the scrap-iron out of the slag, while it was being loaded. It is contended, that the evidence is illegal, by reason of the conductor's want of authority to grant such permission. The conductor was an agent of the defendant corporation, having the control and management of the train, and charged with its operation. Being thus charged, his permission for the plaintiff to stand on the car is not outside of the scope of his authority, though he may have been guilty of a breach of duty, for which he is answerable to the company. A person, riding without paying fare, by permission of the conductor, is not a trespasser, though the train is not intended and operated for the carriage of passengers, and though the conductor has no authority to permit such person to ride. The plaintiff, as between himself and the defendant, was not a trespasser, nor wrongfully on the car, so as to constitute the *act, in itself, contributory negligence, if he was on the car by permission of the conductor, unless it was known to him that the conductor exceeded his authority.—*Wilton v. Mid. R. R. Co.*, 107 Mass. 108; *Gradin v. St. Paul & D. Railway Co.*, 11 Amer. & Eng. R. R. Cas. 644; 2 Wood's Railway Law, § 298. For this purpose the evidence was admissible.

2. The general rule is, that the party injuring another by a wrongful act, is liable for all the direct injury consequent thereto, though it may not have been contemplated as the probable result. The loss or dimunition of capacity to follow one's usual business or employment is a proper subject for compensation. The extent and nature of the business or employment of the plaintiff, and of his physical capacity to perform the work at the time he was injured, may be shown. One of the injuries suffered by plaintiff was the breaking of his arm. As tending to show the extent of the decrease of his capacity to work and pursue his employment, it was competent to prove that his other arm had been previously dis-

16

abled; not as an element of recoverable damages, but to aid in estimating a fair and just compensation for the decreased capacity produced by the injury. But the evidence should be confined to the fact and extent of the previous disability, and not extended to a detail of the circumstances under which it occurred. While the question propounded is proper, the answer of the witness is not responsive, and is otherwise objectionable. It does not state, except inferentially, the disability, its nature and extent. When, where and how it occurred, are immaterial and irrelevant inquiries. The answer should have been excluded, on the objection of the defendant.

3. The car was loaded with slag, by means of a shovel operated by steam. The defendant offered to prove by the witness Schwartz, who was operating the shovel, that after it had started, and plaintiff had placed himself under it, no human effort could have prevented the lever or bucket from swinging to its accustomed place. The evidence was excluded. The plaintiff had previously testified, that he was standing in the end of the car which had been loaded, and, on seeing the lever swing around, he ran to the unloaded end of the car, when he was struck by the bucket suspended to the lever, and if he had remained where he was, he would not have been struck by the bucket, but might have been by the lever. The manifest purpose of the evidence is to show that, when plaintiff's peril was discovered, the swinging of the lever could not have been prevented so as to avoid the injury. The testimony is objected to, on the ground, that it is the opinion of the witness. Generally, a witness can testify only to facts, and mere opinion is not received, unless the witness is an expert, and it relates to a matter as to which the jury are unable to draw correct inferences from the facts proved. But facts are frequently collective, and a combination of the known elements may be expressed in the form of conclusion or inference. Such inference is received, not as founded on the judgment of the witness, but as the result of his personal observation and knowledge, and as "an equivalent to a specification of the facts," because necessarily involved. The evidence offered falls within this rule. It is not the statement of mere opinion, but of the result of personal observation and knowledge as to a collective fact, the witness being subject to cross-examination as to the simple facts so combined, and the sufficiency of his knowledge. *Pollock v. Gantt*, 69 Ala. 373; *Ware, Murphy & Co.*

[Haden & Floyd v. Lehman, Durr & Co.]

*v. Morgan,* 67 Ala. 461; *S. & N. Ala. R. R. Co. v. McLendon,* 63 Ala. 266; 1 Whar. Ev., §§ 510–513.

The record does not show that exception was taken to the refusal of the court to give the several charges asked by the defendant. We can not properly consider them.

Reversed and remanded.