(98 South. 203)

**STREET et al. v. BROWNING.** (7 Div. 417.)

(Supreme Court of Alabama. Nov. 15, 1923.)

**1. Appeal and error ⬳1204(4)—Amendments, after remand, not affecting change in original counts, striking demurrer thereto, not reversible error.**

Where amendments of a complaint after remand affected no change in the pleading so far as concerned counts of the original complaint, demurrer to which was overruled, there was no reversible error in striking the same demurrer to the amended complaint, so far as it affected the original counts.

**2. Appeal and error ⬳1060(1)—Probable injury must be shown to reverse judgment for improper opening statement.**

To reverse a judgment for an improper opening statement to the jury by counsel, probable injury must be made to appear.

**3. Malicious prosecution ⬳62 — Evidence of payment to attorney on account of fee admissible.**

In action for wrongful and malicious suing out of an attachment, where plaintiff sought to recover his attorney fee in defense of the attachment suit, evidence of payment of a certain sum to his attorney on that account was admissible.

**4. Malicious prosecution ⬳72(5)—Evidence held to justify refusal of instruction denying recovery for attorney fee.**

In suit for damages for wrongful and malicious suing out of attachment, though there was no direct evidence that services of an attorney were necessary or that their reasonable worth was equal to the sum paid, where there was evidence that counsel was employed, and the record of the attachment suit warranted the inference that their services were necessary, it was not error to refuse a charge that, if the evidence was believed, no damages on account of attorney fees would be assessed.

**5. Attachment ⬳351 — Reasonable attorney's fees in attachment suit recoverable on bond.**

Reasonable and necessary attorney's fees, incurred in defending an attachment suit, are

recoverable as part of lawful damages in action on attachment bond.

**6. Malicious prosecution ☞62 — Evidence of contract price admissible on question of reasonableness of attorney's fee.**

In action for wrongful and malicious suing out of an attachment, evidence of the contract price for legal services in defending the attachment suit, though not conclusive, is admissible in connection with other evidence tending to show what in fact was reasonable compensation.

**7. Trial ☞62(2)—Excluding question to plaintiff as to whether cotton attached did not bring highest market price when sold held error.**

Where in action for wrongful attachment of cotton in the field, plaintiff's evidence showed that cotton had been left exposed to weather so long and had been so negligently harvested as to affect its value, it was error to exclude defendant's question to plaintiff on cross-examination whether the cotton when sold did not bring the highest market price for good cotton.

**8. Trial ☞62(2) — Excluding evidence in rebuttal as to plaintiff's prior credit with merchant held improper.**

In action for wrongful suing out of attachment, where, as showing that the attachment had injured plaintiff's credit, he testified that he had tried to buy some stuff from W., but could not get credit, defendant in rebuttal should have been permitted to show that plaintiff never had any personal credit with W.

**9. Sunday ☞23—Evidence as to whether contract basis of attachment suit was made on Sunday admissible.**

In action for wrongful suing out of attachment; where there was an issue that the contract out of which arose the attachment suit was void under Code 1907, § 3346, because executed on Sunday, evidence bearing on such issue should have been permitted.

**10. Malicious prosecution ☞72(1) — Charge held improper as obscure and misleading.**

In action for suing out of wrongful and malicious attachment, an instruction that, if the contract and notes, the basis of the attachment suit, were executed on Sunday, not to find issues in favor of defendant on his pleas of set-off under the notes, was of obscure meaning and misleading and should have been refused.

**11. Malicious prosecution ☞71(2) — Affirmative charge held properly refused on conflicting evidence.**

In action for wrongful and malicious suing out of attachment, where there was conflicting evidence on the issue whether the contract on which the attachment suit was based was void because made on Sunday, defendants' general affirmative charge was properly refused.

**12. Malicious prosecution ☞72(5) — Charges denying damages where evidence justified nominal damages held properly refused.**

In action for wrongful and malicious attachment, where the evidence showing plaintiff's cotton and corn were damaged by reason of the attachment and their consequent exposure to weather, authorized nominal damages, refusal of charges not to assess damages was not error.

**13. Malicious prosecution ☞72(5)—Refusal of charge not to assess more than nominal damages proper, where evidence showed actual damages.**

In action for suing of wrongful and malicious attachment, where evidence showed actual damages, in that plaintiff's cotton and corn were levied on and sold, it was proper to refuse a charge that, if the jury should find for plaintiff, it could not assess more than nominal damages.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by J. W. Browning against J. C. Street and others. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

On the trial one McCain, a witness for plaintiff, testified that he was present when the papers in a trade about some land were fixed up; that the parties came to Street's home on Saturday afternoon; that they began to work on the papers somewhere about 7 or 8 o'clock that night; and that they did not complete and sign them until after midnight.

On cross-examination defendant's counsel asked the witness these questions:

"Does Street write slow or fast?"

"Do you know whether he is a good penman and writes fast?"

The court sustained an objection to each of these questions, and the rulings are made the basis of the thirteenth and fourteenth assignments of error.

Charge R, given at plaintiff's request, is as follows:

"(R) The court charges you that if you are reasonably satisfied from the evidence that the contract and notes between plaintiff and defendant were executed on Sunday you cannot find the issues in favor of the defendant on his pleas of set-off under said notes."

These charges requested by defendants were refused:

"(11) The court charges the jury that if you believe the evidence you cannot assess any damages against the defendants for or on account of any damages to the cotton."

"(12) The court charges the jury that under the evidence in this cause you cannot assess any damages for or on account of any damages to the corn."

"(14) The court charges the jury that, if you believe the evidence in this cause, the plaintiff, J. W. Browning, is liable to Street in this suit for at least the value of the use and occupation of the Alley place for the year 1915."

"(15) The court charges the jury that if you believe the evidence you cannot find that plaintiff has proven either of his replications.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(16) The court charges the jury that if you should find for the plaintiff you could not assess any sum as damages more than nominal damages.

"(17) The court charges the jury that under the evidence in this cause, if you believe it, the plaintiff has failed to establish his plea or replication of res adjudicata."

L. H. Ellis, of Columbiania, for appellants.

While attorney's fees paid or incurred in defending an attachment suit are recoverable in a suit on an attachment bond, it must be shown that such fees were necessary and reasonable. Vandiver & Co. v. Waller, 143 Ala. 411, 39 South. 136.

A. L. Crumpton, of Ashland, for appellee.

It is not necessary to offer opinion proof of value of attorney's fees for services rendered in defending the original suit, it being the duty of the jury to determine the reasonable value of the services. Lowe v. Reed, 207 Ala. 278, 92 South. 467; Citizens' Co. v. Central Co., 200 Ala. 18, 75 South. 330; Spivey v. McGehee, 21 Ala. 417.

SAYRE, J. [1] The action was brought to recover damages sustained by the wrongful and malicious suing out of an attachment. Reference is made to the report of the case on former appeal. 205 Ala. 110, 87 South. 527. After the return to the trial court, plaintiff filed additional counts A-1 and A-2, whereupon defendants refiled to the complaint as amended and to each count thereof, separately and severally, the demurrer which had been previously stricken by the court. This demurrer, as to the original counts of the complaint, was again, on motion of plaintiff, stricken from the file. In this there was no reversible error, the amendment of the complaint having effected no change in the status of the pleading so far as concerned the counts of the original complaint. 205 Ala. 110, 87 South. 527.

[2] Defendants objected to some parts of the opening statement made to the jury by counsel for plaintiff. The statements reproduced in the bill of exceptions are so fragmentary and meaningless withal that we are clear to the conclusion that they afford no substantial reason for reversal. Judgments that may have been affected by improper appeals to the jury will be reversed, but that result cannot be made to follow upon every loose remark made by counsel in the heat of argument or advocacy. Probable injury must be made to appear, and that is not the case here.

[3-6] Plaintiff sought to recover the amount of a fee he had paid his attorney for services rendered in defending the attachment suit, and was allowed to prove the payment of a certain sum to his attorney on that account. In this there was no error, for the evidence went a part of the way at least to proving plaintiff's right to such damages.

Higgins v. Mansfield, 62 Ala. 267. But there was no testimony addressed directly and specifically to the proposition that the services of an attorney were necessary or that their reasonable worth was equal to the sum paid, and upon this defendants requested a charge in writing as follows: "The court charges the jury that if you believe the evidence you cannot assess any damages for the plaintiff for or on account of any lawyer's fees," which the court refused. The uniform language of the decisions is that reasonable and necessary attorneys' fee incurred in defending the attachment suit are recoverable as a part of the lawful damages in an action on the attachment bond. Dothard v. Sheid, 69 Ala. 138, and cases cited. As for the matter of necessity, the evidence shows that counsel was employed and the record of the attachment suit, introduced in evidence, disclosed such a contest that a jury may have properly been allowed to infer a necessity for competent legal advice and assistance. As for the reasonableness of the fee paid, it is stated that evidence of the contract price for services, though not conclusive, is admissible in connection with other evidence tending to show what in fact was reasonable compensation. Plymouth Gold Min. Co. v. U. S. Fidelity, etc., Co., 35 Mont. 23, 88 Pac. 565, 10 Ann. Cas. 951. No doubt evidence as to the amount paid for the services of an attorney is likewise admissible; but whether such evidence without more will justify an award of substantial damages we need not now decide. Our opinion is that the evidence shown by the bill of exceptions afforded a sufficient basis for an award of nominal damages at least, and that, since the charge under review would have denied even that, there was no reversible error in its refusal.

[7] The attachment had been levied on plaintiff's crop in the field, among other things, to quote the sheriff's return, on "about four bales of cotton in field," and plaintiff contended and adduced evidence tending to show that the cotton had been left in the field and exposed to the weather so long and had been so negligently harvested as to materially affect its value, thereby augmenting plaintiff's recoverable damages. Vandiver v. Waller, 143 Ala. 418, 39 South. 136. In these circumstances defendants should have been allowed, on cross-examination, to ask plaintiff, testifying as a witness in his own behalf, whether, when the cotton was sold, it did not bring the highest market price for good cotton. This was a fair question in rebuttal, and its exclusion was error. This error was repeated in the ruling shown by assignment 19.

[8] Plaintiff, undertaking to show that the issue of the attachment had injured his credit, testified to one instance in particular, among others, viz. that he had tried to buy

some stuff from D. M. White at Goodwater, but could not get it on credit. Defendants should have been allowed to ask the witness, plaintiff, the question shown in the twelfth assignment of error, as going to show in rebuttal that plaintiff had never had any personal credit with White. There is some doubt as to the proper construction of the question, appellee's contention being that it called for White's custom in general; but we construe the question as designed to elicit the facts as to plaintiff's personal credit with White. If this line of inquiry is followed on another trial, this obscurity will no doubt be cleared up.

[9] We think the questions shown in assignments of error 13 and 14 had some, though slight, bearing on the issue whether the contract between the parties, out of which arose the attachment suit, was void because executed on Sunday. Code, § 3346. We see no reason why they should have been disallowed.

[10] Charge R, given at the request of plaintiff, should have been refused as being of obscure meaning and misleading tendency.

[11] Plaintiff's contention was that the contract between himself and defendant Street, on which the attachment suit had been brought, was void because made on Sunday; but the evidence on this issue was in conflict, and the general affirmative charge as to each count of the complaint was properly refused to defendants.

[12] Charges 11 and 12 were refused to defendants for the reason that there was evidence tending to show that plaintiff's cotton and corn were damaged by reason of the levy of defendant Street's attachment and their consequent exposure to weather, and, while the jury should have been afforded more exact data for the assessment of such damages, if any, the evidence authorized the assessment on that account of nominal damages at least.

Charge 14 was properly refused. The question as to plaintiff's liability to defendant Street—the other defendants being his sureties in the attachment bond—appears to have been adjudicated in plaintiff's favor in the attachment suit, and for this reason also charges 15 and 17.

[13] Charge 16 was well refused. Actual, substantial damages, in that plaintiff's cotton was levied upon and sold, were shown.

It is not deemed necessary to consider in detail some other questions argued in the briefs. For the error shown the judgment must be reversed and the cause remanded. On another trial the pleadings should be reformed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.