(122 So. 329)

### HAIN v. GADDY et al.　(2 Div. 938.)

Supreme Court of Alabama.　April 11, 1929.

Rehearing Denied May 23, 1929.

Hobbs, Craig & Brown, of Selma, for appellant.

Arthur M. Pitts, of Selma, and B. F. Smith, of Birmingham, for appellees.

ANDERSON, C. J. This is an action by the personal representative of W. E. Moore, deceased, against the defendant Gaddy and his official bond for the death of Moore at the hand of said Gaddy while sheriff, and is based upon the Homicide Act, now section 5696 of the Code of 1923, and the sole question involved is whether or not the damage thereby

provided is recoverable on the sheriff's official bond.

This court has uniformly held that section 5696 is penal in its nature and provides only for punitive as distinguished from compensatory damages, and the trial court in sustaining the demurrer of the bond company to the complaint followed the holding of this court in the case of Phillips v. Morrow, 210 Ala. 34, 97 So. 130, and which is in point in principle, if not identical in fact. True, this case nor the ones there cited deal with the homicide statute, but they do hold that official bonds as defined by the statute are intended to cover compensatory damages only, and not penalties or punitive damages. As the only damages provided by section 5696 are punitive and not compensatory, the same are not covered by the bond in question.

This court also dealt with subdivision 3 of section 1500 of the Code of 1907, section 2612 of the Code of 1923, and held, in line with former decisions, that this provision did not have the effect of making official bonds liable for penalties or punitive damages. This question is not only settled in this state, but the result is supported by the great weight of authorities. 17 C. J. p. 988, § 287. While the Morrow Case, supra, was modified or overruled in part, on the second appeal it was not disturbed on the point here involved.

Counsel for the appellant, with zeal and considerable force, argue against the result of the present holding, insisting that it affords a greater protection to property and the person than to life. Courts can only say what the law is and not what it should be. Counsel, however, should not overlook the fact that under the common law an injury to the property or person was actionable, while no civil action existed for the wrongful death of a human being, and it was not until Lord Campbell's Act of 1846 that this harsh doctrine was changed in England and that it is only by the grace of section 5696 that this action can be maintained in this state.

■■ It is well established by the decisions of this court that when a complaint shows a good cause of action, though it includes therein a claim for nonrecoverable damages, the same is not, for this reason, subject to demurrer, as the defect is available by a motion to strike, an objection to the evidence, or a requested charge. But this rule does not apply to cases like this one, where the complaint fails to show a right to recover anything as against the bond company, in fact, does not state a cause of action as to it, and the question was properly tested by a demurrer.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.