(130 So. 792)

### SMITH v. TERSHESHEE.

6 Div. 568.

Supreme Court of Alabama.

Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

---

[3] 221 Ala. 96, 100.

110

H. A. Burns, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

BROWN, J.

■ The several counts of the complaint, though some of them may be demurrable, state sufficient facts to support a judgment, and the general ground, "That said complaint nor any count thereof states a cause of action," was properly overruled. Code 1923, § 9479; Perfection Mattress & Spring Co. v. Dupree, 216 Ala. 303, 113 So. 74.

■ And if on the facts pleaded the plaintiff would be entitled to recover even nominal damages, a demurrer is not the appropriate pleading to rid the complaint of claims for nonrecoverable damages. Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640; Hain v. Gaddy et al., 219 Ala. 363, 122 So. 329; 22 So. Dig. 273, § 193 (8).

■ Counts C and D were not subject to the objection stated in ground 16 of the demurrer, "That said complaint fails to aver that the insurance as alleged to have been tendered was such insurance policy as plaintiff agreed to furnish under his alleged contract," the averment being that plaintiff "furnished defendant with title insurance policy *showing a good and merchantable title to said property in plaintiff,*" etc. (Italics supplied.)

The question of controlling importance arises on appellant's contention that the stipulation in the contract, "The seller and purchaser are to furnish abstract of title brought down to date or title insurance policy, said title to be good and merchantable, otherwise the earnest money will be refunded," obligates the seller to furnish either an abstract showing a good merchantable title, or an insurance policy insuring the title as in the seller on the date of the contract of sale.

No point is made on the trial, or now, that the stipulation covered both parties to the contract. The obligation seems to have been treated by the parties as that of the seller— the plaintiff. We will so treat it.

As in compliance with the obligation thus assumed, the plaintiff furnished an abstract showing the history of the title from June 25, 1925, to the date of the contract, and in connection with this abstract plaintiff delivered to the defendant a policy insuring the title as merchantable in the plaintiff on the 25th day of June, 1925.

While the appellant concedes that the abstract, in so far as it gave the history of the title, was without defect, yet his contention is that this stipulation required the plaintiff to either furnish a complete abstract of the title from the government unto himself, which showed a good merchantable title, or being unable to do this, his obligation was to furnish the appellant with a policy insuring the title as good and merchantable, as of the date of the sale.

■ It is a well-settled rule that the court, in seeking to ascertain the intention of the parties in construing a contract, will consider the contract as a whole, although the immediate object of the inquiry is the meaning of a particular clause. Chapman v. Glassell, 13 Ala. 50, 48 Am. Dec. 41; 6 R. C. L. 837, § 227; 3 R. C. L. Supplement, p. 1832, § 227 (20).

■ So construing the contract, we are of opinion that the gist of the obligation imposed by the stipulation was that the seller should show in himself by abstract or valid policy insuring the title, one or both, a good merchantable title to the property.

Counts G and H of the complaint present the case in this light, and appellee's contention is that the evidence, without dispute or room for adverse inference, supports these counts, entitling him to the affirmative charge, and, therefore, the rulings of the court in respect to the other counts, if error, were without injury.

■ We are of opinion, however, that the question as to whether the insurance policy and the abstract were sufficient to show a good and merchantable title was for the jury, rests upon consideration of the amount of the policy, the reliability and solvency of the insurer, and whether or not such policies in the locali-

ty are generally accepted by reasonably prudent persons dealing in real estate as showing a good, merchantable title, and probably other related matters appearing on the face of that abstract, such as the effect of liens for local improvements.

Counts A and B allege that plaintiff "in compliance with the terms of said agreement, furnished defendant with an abstract of title brought down to date, showing a good and merchantable title."

Counts C and D allege that plaintiff "in compliance with the terms of said agreement furnished defendant with a title insurance policy showing good and merchantable title to said property in plaintiff."

There was clearly a failure of proof as to these counts, and the court erred in refusing defendant's special charges Nos. 5, 6, 7, and 8.

As the case must be reversed because of the refusal of these charges, we do not deem it necessary to pass upon the other questions presented, as they may not arise on the trial to follow.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.